# SOUTHERN EQUITY GROUP

THIS TRUST HAS BEEN CREATED
FOR ESTATE PLANNING PURPOSES

EXHIBIT 1

# SOUTHERN EQUITY GROUP

## A Living Trust

12-12-2014

I. **PURPOSE OF THIS TRUST**
This Trust is hereby created to manage and hold the assets for the benefit of the beneficiaries, whose names are to remain private and undisclosed.

II. **TRUSTEE(S)**
The Creator(s) and appointed Trustee(s) of this Trust shall be Earl Miller and Marlin H. Schwartz.
These Trustees shall be known as the Board of Trustees.

III. **DUTIES OF APPOINTED TRUSTEES**
The Trustees shall have sole authority to manage the assets owned by this trust, according to this Trust Indenture Agreement, including, but not limited to:

a. *Receive Assets.* To receive, maintain, administer, collect, invest and reinvest the assets, and collect and apply the income, profits, and principal of the assets in accordance with the terms of this Trust Agreement.

b. *Standard of Care.* To acquire, invest, reinvest, exchange, retain, sell, and manage the trust assets, exercising good judgment and care under the circumstances then prevailing, that persons of prudence, discretion and intelligence exercise in the management of trust affairs. Trustees are authorized to acquire and retain every kind of real and personal property, and every kind of investment, including, but not limited to, stocks, bonds, debentures, mutual funds, metals, gems, etc., that persons of prudence, discretion and intelligence acquire or retain for their own account, within the terms of the Trust Agreement.

c. *Dispose of or Encumber Assets.* To sell, option, mortgage, pledge, lease or convey real or personal property, publicly or privately, upon such terms and conditions as may appear to be proper, and to execute all instruments necessary to affect such authority, as per the Trust Agreement.

d. *Settle Claims.* To compromise, settle, or abandon claims in favor of or against the Trust.

e. *Manage Property.* To manage real and personal property, borrow money, exercise options, buy insurance, and register securities as may be proper.

Initials: TT 1 _EM_   TT 2 _M.S_   EXHIBIT 1   1

f. *Allocate Between Principal and Income.* To make allocations of charges and credits between principal and income that appears to be proper, at the sole discretion of the Trustees.

g. *Employee Professional Assistance.* To delegate authority when it is advantageous to the Trust, and to employ and compensate counsel and other persons deemed necessary for proper administration of this trust.

h. *Distribute Property.* To make division or distribution of money or kind, according to the proportional percentages of beneficiary entitlement.

i. *Enter Contracts.* To bind the Trust to contracts or agreements without assuming individual liability of the Trustees for such contracts.

j. *Duration of Powers.* To continue to exercise their powers as Trustees, after the termination of this Trust, until all Trust assets have been distributed.

k. *Compensation.* Trustees may receive reasonable compensation for their services as such, as per this Trust Agreement.

l. *Loans.* Make loans to persons and entities according to the terms of the Trust Agreement.

IV. **ADDITIONAL TRUSTEE PROVISIONS**
   a. *Successor Trustee.* If a Trustee resigns, or cannot serve due to disability, death, or any other reason, a designated Successor Trustee shall be appointed by the Trustees. The activation of an appointed Successor Trustee shall be so stated in a Minute Order, including conditions of appointment and term of service, if any.

   b. *Resignation of Trustee.* Trustees may resign by giving written notice. Such resignation shall take effect on such date as so specified in the written notice, but not earlier than thirty (30) days after the date of delivery of such written resignation.

   c. *Bond.* No bond shall be required of Trustees.

V. **DEATH OF A TRUSTEE**
   Upon the death of a Trustee, a Successor Trustee shall be appointed to replace the deceased Trustee. The new Trustee shall have all of the rights and responsibilities of a Trustee.

Initials: TT 1 _EM_   TT 2 _MS_   EXHIBIT 1 2

## VI. SUCCESSOR TRUSTEES
The following person(s) are hereby selected as Successor Trustees:
1.
2.

## VII. FUNDING
This Trust has been funded with assets transferred *irrevocably* by Earl Miller and Marlin H. Schwartz to this trust.

## VIII. RIGHT TO DIRECT INVESTMENTS
Trustees have full authority to purchase, sell or retain any Trust investments.

## IX. PERPETUITIES SAVINGS CLAUSE
This Trust shall be terminated upon the date so designated in the terms of this Trust Agreement.

## X. SEVERABILITY
Should any portion of this Trust Agreement be held invalid or unenforceable, for any reason, the remaining provisions shall continue to be valid and enforceable. Should a court find any provision of this Trust Agreement to be invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

## XI. MISCELLANEOUS PROVISIONS
a. *Paragraph Titles and Gender.* The titles given to the paragraphs of this Trust are inserted for reference purposes only, and are not to be considered as forming a part of this Trust in interpreting its provisions. All words used in this Trust in any gender shall extend to and include all genders, and any singular words shall include the plural expression, and vice versa, when the context or facts so require, and any pronouns shall be taken to refer to the person or persons intended regardless of gender or number.

b. *Liability of Fiduciary.* No fiduciary who is a natural person shall, in the absence of fraudulent conduct or bad faith, be liable. They shall be indemnified from any and all claims or expenses in connection with or arising out of that fiduciary's good faith actions or non-actions of the fiduciary, except for such actions or non-actions which constitute fraudulent conduct or bad faith. No Successor Trustee shall be obliged to inquire into or be in any way accountable for the previous administration of the trust assets.

Initials:   TT 1 _EM_   TT 2 _MS_                    EXHIBIT 1   3

## XII. DISTRIBUTIONS TO BENEFICIARIES

At the sole discretion of the Trustees, a K-1 distribution may be paid to the beneficiaries of this Trust.

## XIII. DISSOLVEMENT OF THIS TRUST

Upon dissolving this Trust, the assets owned by said Trust shall be proportionately distributed to the beneficiaries.

  a. *Specific Distributions.* Trustees may distribute specific items owned by this Trust according to the Minutes as so written and recorded.

  b. *Tangible Personal Property.* Subject to the provisions of this Trust, disbursements of tangible property owned by the Trust shall be according to the terms of this Agreement and any presiding Minute Orders.

  c. *Residuary Assets.* Residuary assets shall be distributed at the discretion of the Trustees and in accordance with the Trust Agreement.

## XIV. BANK RESOLUTION

BE IT RESOLVED that the duly appointed Board of Trustees shall have full power and authority to create, manage, and administer all business transactions with this financial institution.

BE IT FURTHER RESOLVED that the authority hereby conferred to the Board of Trustees shall include the authority to draw and endorse checks and other papers, or instruments payable (or by said officers or agents or either or any of them made payable), to the order of, or for the benefit of, this Trust; to the order of, or for the benefit of, said officers or agents, either or any of them, or to cash, and to receive, jointly or severally, the payment of proceeds thereof, in cash as an individual or individuals, or by way of credit to account as said officers or agents or either or any of them shall direct.

Initials:   TT 1 _EM_   TT 2 _MS_   EXHIBIT 1  4