UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE:<br><br>5 STAR INVESTMENT GROUP, LLC,<br>5 STAR PORTLAND HOLDINGS, LLC,<br>5 STAR INVESTMENT GROUP V, LLC,<br>5 STAR COMMERICAL, LLC,<br>5 STAR INVESTMENT GROUP VII, LLC,<br>5 STAR HOLDINGS, LLC,<br>5 STAR INVESTMENT GROUP III, LLC,<br>5 STAR INDIANA HOLDINGS, LLC,<br>5 STAR INVESTMENTGROUP II, LLC,<br>5 STAR INVESTMENT GROUP IV, LLC,<br>and 5 STAR CAPITAL FUND, LLC,<br><br>Debtors. | CASE NO.   16-30078-hcd<br><br>SUBSTANTIVELY CONSOLIDATED<br>CHAPTER 11s |
| DOUGLAS R. ALDESPERGER as TRUSTEE<br>FOR THE BAKRUPTCY ESTATE OF<br>5 STAR INVESTMENT GROUP, LLC, et al.,<br><br>Plaintiff,<br>vs.<br><br>SOUTHERN EQUITY GROUP TRUST<br>and TC COMMERCIAL, LLC,<br><br>Defendants. | ADVERSARY PROCEEDING<br>NO. 17-03025 |

## ENTRY OF DEFAULT JUDGMENT AVOIDING TRANFERS AND ALLOWING HEARING ON DAMAGES

This matter is before the Court on the *Motion for Partial Default Judgment* (the "Motion") filed by Douglas R. Adelsperger, the chapter 11 trustee in the above-referenced bankruptcy cases (the "Trustee"). In the Motion, pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure and Rule 55 of the Federal Rules of Civil Procedure, the Trustee requests entry of partial judgment against Defendants, Southern Equity Group Trust ("Southern") and TC

Commercial, LLC ("TCC"), in this Adversary Proceeding for their failure to plead, answer, or otherwise respond to Plaintiff's Complaint as required by law.

The Court, having considered the Motion and being otherwise duly advised in the premises, determines that the Motion should be, and hereby is, GRANTED.

IT IS THEREFORE ORDERED that the Motion is GRANTED in its entirety.

**With respect to Counts I through IV of Plaintiff's Complaint:**

IT IS THEREFORE FURTHER ORDERED that the assignment by 5 Star Commercial LLC ("5 Star") to Village Apartments of Charleston, LLC ("VAC") of 5 Star's interest in a parcel of real estate commonly known as Village Apartments, located at 325 Gulledge Street, Moncks Corner, South Carolina, and the issuance of an 85.25% member interest in VAC to Southern, were transfers of 5 Star's interest in property (the "Apartments Transfer").

IT IS THEREFORE FURTHER ORDERED that the transfer to Southern of the 85.25% member interest in VAC is avoidable pursuant to Bankruptcy Code § 544 and Indiana Code §§ 32-18-2-14, -15, and -17;

IT IS THEREFORE FURTHER ORDERED that the transfer to Southern of the 85.25% member interest in VAC is avoidable pursuant to Bankruptcy Code § 548;

IT IS THEREFORE FURTHER ORDERED that the transfer to Southern of the 85.25% member interest in VAC be, and hereby is, avoided;

IT IS THEREFORE FURTHER ORDERED that 5 Star is the rightful owner of the 85.25% member interest in VAC that was transferred to Southern.

IT IS THEREFORE FURTHER ORDERED that Southern owns no member interest in VAC;

IT IS THEREFORE FURTHER ORDERED that the Trustee shall present evidence of damages against Southern arising from the Apartments Transfer at such time as the Trustee notifies the Court he is prepared to move forward with his submission of proof;

**With respect to Counts V through VIII of Plaintiff's Complaint:**

IT IS THEREFORE FURTHER ORDERED that the assignment by 5 Star to Twin City of Winston Salem, LLC ("Twin City") of 5 Star's interest in a parcel of real estate commonly known as Twin City Townhomes, located at 1500 Zuider Zee Drive, Winston Salem, North Carolina (the "Townhomes"), and the issuance of 90% and 5% member interests in Twin City to Southern and TCC, respectively, were transfers of 5 Star's interest in property (the "Townhomes Transfer").

IT IS THEREFORE FURTHER ORDERED that the transfer to Twin City of 5 Star's interest in the Townhomes is avoidable, as against Southern, pursuant to Bankruptcy Code § 544 and Indiana Code §§ 32-18-2-14, -15, and -17;

IT IS THEREFORE FURTHER ORDERED that the transfer to Twin City of 5 Star's interest in the Townhomes is avoidable, as against Southern, pursuant to Bankruptcy Code § 548;

IT IS THEREFORE FURTHER ORDERED that the transfer to Twin City of 5 Star's interest in the Townhomes be, and hereby is, avoided as against Southern;

IT IS THEREFORE FURTHER ORDERED that 5 Star is the rightful owner of 90% of the value of the Townhomes at the time 5 Star's interest therein was transferred to Twin City, which value was received by Southern as a result of the fraudulent transfer to Southern of the 90% member interest in Twin City.

IT IS THEREFORE FURTHER ORDERED that the Trustee shall present evidence of damages against Southern from the Townhomes Transfer at such time as the Trustee notifies the Court he is prepared to move forward with his submission of proof.

**With respect to Counts XI through XII of Plaintiff's Complaint:**

IT IS THEREFORE FURTHER ORDERED that the Townhomes Transfer was a transfer of interest of 5 Star in property.

IT IS THEREFORE FURTHER ORDERED that the transfer to Twin City of 5 Star's interest in the Townhomes is avoidable, as against TCC, pursuant to Bankruptcy Code § 544 and Indiana Code §§ 32-18-2-14, -15, and -17;

IT IS THEREFORE FURTHER ORDERED that the transfer to Twin City of 5 Star's interest in the Townhomes is avoidable, as against TCC, pursuant to Bankruptcy Code § 548;

IT IS THEREFORE FURTHER ORDERED that the transfer to Twin City of 5 Star's interest in the Townhomes be, and hereby is, avoided as against TCC;

IT IS THEREFORE FURTHER ORDERED that 5 Star is the rightful owner of 5% of the value of the Townhomes at the time 5 Star's interest in the Townhomes was transferred to Twin City, which value was received by TCC as a result of the fraudulent transfer to Twin City of the 5% member interest in Twin City.

IT IS THEREFORE FURTHER ORDERED that the Trustee shall present evidence of damages against TCC arising from the Townhomes Transfer at such time as the Trustee notifies the Court he is prepared to move forward with his submission of proof.

**With respect to Counts I through XII of Plaintiff's Complaint:**

IT IS THEREFORE FURTHER ORDERED that, pursuant to Fed. R. Bank. P. 7055 and Fed. R. Civ. P. 55, Plaintiff is entitled to partial default judgment against Defendants, Southern and TCC, on Plaintiff's Complaint.

IT IS THEREFORE FURTHER ORDERED that, in accordance with Fed. R. Bank. P. 7054 and Fed. R. Civ. P. 54(b), there is no just reason for delay and this Court expressly directs the entry of partial judgment against Defendants, Southern and TCC, on Plaintiff's Complaint.

Dated: October 18, 2017

Harry C. Dees, Jr.
Judge, United States Bankruptcy Court